**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Charles R. Brooks, Individually and as Administrator of the Estate of Terry Lynn Brooks, and Cheryl R. Perry and Karen D. Olson,<br><br>  Plaintiffs<br><br>vs.<br><br>Curtis R. Wiesz, Individually and as Personal Representative and beneficiary of the Estate of Cecil Austin, and the Estate of Helen Austin,<br><br>  Defendant. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 4:08-cv-007 |

Before the Court is the Defendant's Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction filed on March 13, 2008. See Docket No. 11. On April 23, 2008, the Plaintiffs filed a brief in opposition to the motion. See Docket No. 27. The Defendant filed a reply brief on April 29, 2008. See Docket No. 29. For the reasons set forth below, the Court grants the Defendant's motion to dismiss.

**I.   BACKGROUND**

The Plaintiffs contend that prior to July 29, 2004, Helen Austin had designated specific certificates of deposit and other accounts to be payable on her death to plaintiffs Charles R. Brooks, Cheryl R. Perry, and Karen D. Olson.  On July 29, 2004, Helen Austin executed a power of attorney in which she granted a general durable power of attorney to her great-nephew, defendant Curtis R. Wiesz.  The Plaintiffs contend that sometime between July 29, 2004, and January 10, 2005, Wiesz

acted under his authority as power of attorney and changed the beneficiaries of the "payable on death" accounts from the Plaintiffs to Cecil Austin, Helen Austin's husband.  On January 10, 2005, Cecil Austin and Helen Austin signed separate last wills and testaments in which they named each other as the sole heir and designated their great-nephew Curtis Wiesz as their sole beneficiary.  The wills were drafted by attorney Thomas J. Aljets.  Wiesz was also named as the personal representative in each of the wills.  The Austins had no children.

Helen Austin died on February 9, 2006.  On March 3, 2006, attorney Thomas J. Aljets filed the "Last Will and Testament of Helen K. Austin," along with an Application for Informal Probate and Appointment of Personal Representative, in the District Court of Foster County, North Dakota, Case No. 16-06-P-00003.  Because Cecil Austin survived his wife, he was the sole beneficiary of Helen Austin's will at the time of her death.  No petition has been filed in the District Court of Foster County objecting to the probate of Helen Austin's will.

Cecil Austin died on March 5, 2006.  On March 15, 2006, attorney Aljets filed the "Last Will and Testament of Cecil L. Austin," along with a Petition for Informal Probate and Appointment of Personal Representative in the District Court of Foster County, Case No. 16-06-P-00004.  On August 1, 2006, relatives of Cecil Austin filed a petition in the District Court of Foster County objecting to the probate of Cecil Austin's will, contending that Cecil Austin was incompetent to execute a will, and that Wiesz had unduly influenced and defrauded Cecil Austin to execute the will. On October 24, 2007, Wiesz and the relatives of Cecil Austin filed a Stipulation of Dismissal in the District Court of Foster County in which they agreed to distribute Cecil Austin's estate according to the terms of his will, thus resolving the action in Case No. 16-06-P-00004.

On January 14, 2008, the Plaintiffs filed a complaint with this Court. See Docket No. 1. The Plaintiffs filed an amended complaint on January 24, 2008. See Docket No. 3. The Plaintiffs contend that on July 29, 2004, the date on which Helen Austin granted a durable power of attorney to Wiesz, she was of unsound mind and lacked the capacity to contract. The Plaintiffs contend that Helen Austin continued to be incompetent and of unsound mind at the time she changed the beneficiaries of the "payable on death" accounts from the Plaintiffs to Cecil Austin and when she executed her will. In the alternative, the Plaintiffs contend that if Helen Austin was competent and of sound mind, Wiesz unduly influenced her to change the beneficiaries of those accounts and execute a will. The Plaintiffs seek a constructive trust over those portions of Cecil Austin's estate which originated with Helen Austin. The Plaintiffs also seek a judgment against Curtis Wiesz for the value of the certificates of deposit which became assets of Cecil's estate in the probate action.

On March 13, 2008, Wiesz filed a motion to dismiss for lack of federal subject matter jurisdiction and a corresponding affidavit of attorney Thomas J. Aljets. See Docket Nos. 11 and 13. Attached to the affidavit were copies of Cecil Austin and Helen Austin's wills; docket sheets for Case Nos. 16-06-P-00003 and 16-06-P-00004; and the Stipulation of Dismissal, Petition Objecting to Probate of Will, and the Judgment of Dismissal from Case No. 16-06-P-00004. See Docket Nos. 13, 13-1 to 13-6. Wiesz contends that the Court lacks subject matter jurisdiction because the gist of this action is to invalidate both Cecil Austin and Helen Austin's wills. Wiesz further contends that the North Dakota state court has exclusive jurisdiction to probate a will under Chapter 30.1-12 of the North Dakota Century Code. The Plaintiffs argue that the probate exception does not apply because the relief sought by the Plaintiffs relates primarily to nonprobate transfers on death.

3

**II.     STANDARD OF REVIEW**

The Defendant has moved the Court to dismiss the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

> It is well-established that "a district court 'has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1).'" Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (quoting Osborn v. United States, 918 F.2d 724, 728 n. 4 (8th Cir. 1990)) (citing Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)). Unlike a motion to dismiss under 12(b)(6), to look at matters outside the pleadings does not convert a Rule 12(b)(1) motion to a motion for summary judgment. Id. The Eighth Circuit has explained that the difference between the two rules "is rooted in the unique nature of the jurisdictional question." Osborn, 918 F.2d 724, 729 (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). "[A] district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Id. Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide. Id.

Wallette v. Thompson, 373 F. Supp. 2d 986, 989 (D.N.D. 2005).

When considering a motion to dismiss under Rule 12(b)(1), the Court must distinguish between a "facial attack" and a "factual attack." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). A facial attack restricts the Court to review the face of the pleadings to determine whether the plaintiff has alleged a basis of subject matter jurisdiction. Id.; see also Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). However, a factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. Menchaca, 613 F.2d at 511.

Wiesz seeks dismissal under Rule 12(b)(1) based on the Court's lack of subject matter jurisdiction to probate Helen Austin's will and administer the assets of Cecil Austin's estate. Because the motion at issue is a factual 12(b)(1) motion, "no presumptive truthfulness attaches" to the Plaintiffs' allegations. See Smith ex rel. Fitzsimmons v. United States, 496 F. Supp. 2d 1035,

4

1038 (D.N.D. 2007). Further, the Plaintiffs bear the burden of proof that jurisdiction does in fact exist. Osborn, 918 F.2d at 730.

### III. LEGAL DISCUSSION

It is well-settled that "a federal court has no jurisdiction to probate a will or administer an estate . . . ." Markham v. Allen, 326 U.S. 490, 494 (1946). The United States Supreme Court has recognized this longstanding limitation on federal jurisdiction and has consistently held that federal courts lack jurisdiction to probate wills or administer estates. See Sianis v. Jensen, 294 F.3d 994, 997 (8th Cir. 2002). This limitation is known as the probate exception. The probate exception is not compelled by the text of the Constitution or federal statute. Instead, it is a judicially-created limitation on federal court subject matter jurisdiction. Id. The probate exception can best be summarized as follows:

> It is true that a federal court has no jurisdiction to probate a will or administer an estate . . . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees, and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court <u>does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court</u>.
> . . .
> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

Markham, 326 U.S. at 494 (citations omitted) (emphasis added). The probate exception is explained in Moore's treatise on federal practice as follows:

5

> It is well established that a federal court may not exercise its diversity jurisdiction to probate a will, administer an estate, or entertain an action that would interfere with pending probate proceedings in a state court or with state court's control of property in its custody. This is a common-law exception to the federal court's diversity jurisdiction. In the typical case, the probate exception disables a federal court from exercising diversity jurisdiction under Section 1332.

15 Moore's Federal Practice § 102.92[1] (Matthew Bender 3d ed.).

In Marshall v. Marshall, 547 U.S. 293 (2006), the United States Supreme Court discussed at length the probate exception. The issue in Marshall was the bankruptcy court's jurisdiction to determine a counterclaim for alleged tortious interference with expectancy of an inheritance or a gift. As the claim did not involve the administration of an estate, the probate of a will, or any other purely probate matter, the Supreme Court concluded that federal court jurisdiction existed.

In this action, the primary thrust of the Plaintiffs' amended complaint is to invalidate Helen Austin's will based on incompetency, fraud, or undue influence, and thereby invalidate Cecil Austin's will to the extent it includes assets devised under Helen's will. The Court finds that all of the claims to invalidate Helen Austin's will fall clearly within the probate exception.

The Plaintiffs have requested that the Court exercise in rem jurisdiction over Cecil Austin's estate and declare a constructive trust to the extent any assets of Cecil's estate constitute assets of Helen Austin's estate or were assets derived therefrom. This requested remedy also falls within the probate exception. The assets are still subject to the jurisdiction of the state probate court. The federal court lacks subject matter jurisdiction to administer the assets of an estate. The request for a personal judgment against Curtis Wiesz also falls within the probate exception as it seeks to invalidate a transfer of assets from Helen Austin to Cecil Austin under Helen's will and then a transfer to Curtis Wiesz under the terms of Cecil Austin's will.

The North Dakota state court has exclusive jurisdiction to probate Helen Austin's will. Under N.D.C.C. § 30.1-12-08(3) a proceeding to contest an informally probated will may be commenced "within the later of twelve months from the informal probate or three years from the decedent's death." Helen Austin died on February 9, 2006, so the time period to challenge or contest her will in state court has not yet expired.

After a careful review of the relevant case law and the entire record, the Court finds, as a matter of law, that the probate exception applies which divests this Court of subject matter jurisdiction. It is well-settled that this Court lacks subject matter jurisdiction to probate Helen Austin's will, to exercise in rem jurisdiction over Cecil Austin's estate, and/or to declare a constructive trust over the assets of Cecil Austin's estate. The probate exception is a longstanding limitation on federal subject matter jurisdiction. The claims asserted in this lawsuit should be, and can still be, raised in North Dakota state probate court which is the appropriate forum to do so. The probate of Helen Austin's will is closely intertwined with the Plaintiffs' allegations of wrongdoing, which includes allegations concerning the certificates of deposit which subsequently became assets of Cecil Austin's estate. Any attempt by the Plaintiffs to invalidate the wills of either Helen Austin or Cecil Austin must be pursued in state probate court. The probate exception prohibits the exercise of jurisdiction even where, as here, the prerequisites for diversity jurisdiction are otherwise present.

### IV.     CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Dismiss (Docket No. 11).

**IT IS SO ORDERED**.

Dated this 26th day of August, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court